MURPHY v. BLISS et.

Ohio Appeals, 6th Dist., Lucas Co.
No. 1812. Decided Jan. 24, 1927

529a. FINAL ORDERS—Overruling of motion for directed verdict, notwithstanding failure of jury to return verdict in favor of plaintiff, is not such a final order as contemplated by 12247 GC. and from which error proceedings can be prosecuted.

**First Publication of this Opinion**

CULBERT, J.

This case was started in the Toledo Municipal Court by Joseph Murphy against Daniel Bliss. Judgment in that court was rendered in favor of Bliss. On appeal to the Lucas Common Pleas, the jury disagreed and was discharged. At the close of all the evidence, Murphy interposed a motion to direct a verdict in his favor for $76. This motion was overruled and after the discharge of the jury Murphy filed a motion for a directed verdict, notwithstanding the failure of the jury to return a verdict in his favor.

This motion was overruled and error was prosecuted, and the only question involved is whether or not the action of the trial court in overruling the motions made by Bliss, is a judgment rendered or final order made, from which error proceedings can be prosecuted. Bliss filed a motion to dismiss the petition in error, claiming that same was filed without authority of law. The Court of Appeals held:

1. Section 12247 GC. provides in part:— "A judgment rendered or final order made by a court of Common Pleas - - - by municipal Court - - - may be reversed, vacated, or modified by the Court of Appeals having jurisdiction in the county - - - for error appearing on the record."

2. The record does not disclose that any judgment was rendered and the action of the court in overruling the motions is not a final order as contemplated by statute.

3. A final order, as defined by 12258 GC. is one affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, and an order affecting a substantial right in a special proceeding, or upon a summary application in an action after judgment.

4. The motion made by Murphy at the close of all the evidence was, in effect, equivalent to a demurrer to the evidence.

Motion to dismiss petition in error allowed.

(Richards, & Williams, JJ., concur.)

Attorneys—John P. Manton for Murphy; Ritter & Brumback for Bliss; all of Toledo.

Note—Motion to certify overruled, 5 Abs. 155; OS. Pend. case will be found in 5 Abs. 205.