## STATE v BRADEN

Ohio Appeals, 3rd Dist, Marion Co

No 856. Decided Oct 31, 1936

Paul D. Michel, Marion for appellee.
William P. Moloney, Marion, and Homer E. Johnson, Marion, for appellant.

## OPINION

By GUERNSEY, J.

An indictment was returned against the appellant Grover Braden, in the Common Pleas Court of Marion County, charging that on the 12th day of December, 1931, at said county, he did unlawfully, purposely and while attempting to perpetrate a robbery, kill J. Frank Bennett, which under the provisions of the General Code is a charge of murder in the first degree. He was thereafter tried on this indictment and the jury returned a verdict of murder in the first degree with recommendation of mercy. Motion for new trial having been filed and overruled, judgment of conviction and sentence was entered on this verdict, and the appellant duly perfected his appeal to this court on questions of law.

In his briefs filed in this court, the appellant assigns the following errors, which under the provisions of the General Code will be the only ones considered, to-wit:

1. Irregularity in the selection of the jury.

2. Error in overruling objections to the admission of the testimony of Cyre Bennett under commitment to and an inmate of Lima State Hospital for the Insane, on the ground of incompetency.

3. Error in that the verdict is not sustained by the evidence.

4. Error in that the verdict is against the weight of the evidence.

These assignments of error will be considered in the order mentioned.

1. The first error complained of is irregularity in the selection of the jury. This claimed irregularity consisted in the prosecutor, after stating in the course of the examination of a member of the jury panel on her voir dire, that "We have no objection to seating jurors opposed to capital punishment in this case," challenging certain members of the panel subsequently examined, on the ground that they were opposed to capital punishment. It is the contention of the appellant that in this manner the prosecutor exercised challenges to the prejudice of the appellant.

An examination of the record discloses that after the prosecutor made the above declaration, he challenged several members of the panel on the ground that they were opposed to capital punishment which challenges were allowed by the court without any objection being made by appellant. After the dismissal of number fourteen of the jury panel on a challenge on this ground the appellant entered an objection against challenges by the state on this ground and thereafter the state refrained from making challenges on this ground. The jury being duly impaneled after the state had exhausted its six peremptory challenges and the defense five, both the state and the defense declared themselves satisfied with the jury. Before the jury was sworn, however, counsel for the appellant challenged the array on the ground that the prosecutor had after making the declaration mentioned, challenged two of the panel on the ground that they were opposed to the death penalty. His challenge to the array was overruled by the court.

This claimed error is without foundation for the following reasons, to-wit:

(a) The declaration of the prosecuting attorney referred to, amounted at most to a waiver by him of his right to challenge the particular juror on the ground mentioned. The state may waive its right to challenge any juror upon any disqualification as it sees fit. 16 R.C.L. 287, 290, 291, 292. **Mc-Hugh v State, 42 Oh St 154.**

b. That the defendant did not, at the time, enter any objection or take any exception to the challenges on the ground of objections to capital punishment after the prosecutor made the declaration above quoted. As no objections were made to the granting of these challenges at the time, there is no ruling by the court in this respect from which error can be prosecuted.

c. The challenge to the array of this jury came too late since it was made after the jury was impaneled; and the claimed error in the allowance of the prosecutor's

challenge for cause on the ground mentioned, subsequent to such declaration was not a ground of challenge to the array, as a challenge to the array lies only when the jury is not selected, drawn or summoned, or when the officer who executed the venire did not proceed as prescribed by law. C. C. C. & St. L. Ry. Co. v Wahmeier et, 35 Oh Ap 475. Weber v State, 5 Abs 275. Ickes v State, 16 O.C.C. Reports, 31. Bates v State, 17 Nisi Prius (N.S.) 193. §11419-50, GC.

d. As the defendant in this case had not exhausted all of his peremptory challenges at the time the jury was impaneled, he is estopped from claiming error in the exercise of challenges by the state. 16 R.C.L. 287, Irwin v State, 29 Oh St 186. Nimms v State, 16 Oh St 221.

e. The claimed error comes within the class of errors mentioned in the last clause of §13449-5, GC, and as to this class of errors it is provided in said section that no motion for new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court unless it shall affirmatively appear from the record that the accused was prejudiced thereby or was prevented from having a fair trial. It does not affirmatively appear from the record that the accused was prejudiced thereby or was prevented from having a fair trial and consequently the claimed error does not constitute ground for a new trial or for a reversal of the conviction.

2. The second claim of error is:—(a) that Cyre Bennett, a witness called by the state, who was at and prior to the trial an inmate of and under commitment to the Lima State Hospital for the Insane, was, under the provisions of §11493, GC, an incompetent witness by reason of such commitment; (b) that if not absolutely disqualified the burden was on the state to establish his competency, and the testimony of Doctor Bushong, superintendent of said hospital, called by the state to establish his competency, as well as the testimony of said witness, was insufficient to establish his competency. (c) That his testimony was incompetent by reason of irrelevancy.

(a) In 42 Ohio Jurisprudence, 113, it is stated:

"It was a general rule of the early common law that the testimony of an insane person was to be rejected as wholly incompetent, but this rule has since been modified to allow the admission of such testimony when the witness is able to understand what he is saying and the obligation of an oath and is able to give a coherent statement touching the matter upon which he is examined. Although persons of unsound mind comprise one of the classes excepted by the statute in defining who are competent witnesses, the statute is but a declaration of the common law; and whether a witness is so unsound in mind and memory as to be totally incapable of testifying is a question as open under this statute as at common law. * * * Therefore * * * an insane person may testify if it appears that he has lucid intervals, is capable of appreciating the character of an oath, or possesses mental capacity sufficient to observe, recollect, and correctly narrate facts respecting which he is called upon to testify, and at the time of testimony he was so capable."

And in 42 Ohio Jurisprudence, page 97, it is stated:

"And the manifest tendency of legislation in Ohio has been to narrow instead of enlarge, the grounds of objection to the competency of witnesses, to throw wide open the door for the admission of testimony, and to repose, in the administration of justice, upon the credibility of witnesses rather than upon their competency."

And it is further stated in 42 Ohio Jurisprudence at page 101, that the decision of the trial court as to a witness's competency will not be disturbed by an appellate court unless there is a clear abuse of discretion or unless the court admits or rejects the witness on an erroneous view of a legal principle. See also, McAllister v State, 13 Abs 630. Lannier, Guardian v W. H. Bryan, 26 A.L.R. 1488.

Where a witness whose competency is questioned is under commitment for insanity the burden of proof rests upon the state to show the competency of such witness. State v Brown, 20 Ohio Nisi Prius 385.

Under the authorities mentioned, the witness Bennett was competent to testify although under commitment to an insane hospital, if he had sufficient understanding to comprehend the obligation of an oath and to be capable of giving a correct account of the matters which he had seen or heard in reference to questions at issue.

(b) The testimony of Doctor Bushong is to the effect that Bennett possessed these

qualifications, and the alertness of mind of the witness as demonstrated by him during his cross-examination show- ed beyond a reasonable doubt not only that he knew the sacredness and obligation of an oath and realized the pains and penalty of perjury, but that he was fully capable as far as his memory was concerned, to give a coherent and logical account of the occurrences concerning which he was called upon to testify.

(c) In his direct examination by the state, Cyre Bennett testified to certain facts such as the finding of the body of the murdered man and the pistol lying near it, which were both material and relevant to the issues of the case. The only questions asked which were irrelevant related to his being charged with killing his brother J. Frank Bennett, the man with whose murder the appellant was charged, and as to whether he killed his brother. Neither these questions nor the answers thereto were objected to by the appellant and no motion was made to remove them from the consideration of the jury. No objection or motion having been made, there were no rulings thereon, and there is consequently no basis for any claim of error with reference thereto.

There was therefore no error in the admission of the testimony of Cyre Bennett.

3. With reference to the third assignment of error that the verdict is not sustained by the evidence; the appellant contends that his confession of the murder of J. Frank Bennett was improperly admitted in evidence, and that if this evidence is excluded, there is no evidence in the case to sustain the verdict.

Prior to the admission of the confession in evidence witnesses were examined as to the facts concerning the making of the confession. This evidence did not tend to prove any fraud or duress in securing the confession, and prior to the admission of the confession the appellant did not testify and did not offer any evidence tending to prove that the confession was not voluntary or obtained by fraud or under duress, although after the confession was admitted he testified in his own defense as to certain facts tending to prove that the confession was involuntary and obtained by fraud and duress.

Under the evidence offered prior to and in connection with the admission of the confession, the confession was properly admitted, and the subsequent testimony of the appellant simply raised an issue of fact for the determination of the jury which under the general verdict was determined adversely to the appellant. The confession having been properly admitted in evidence, the contention of the appellant with reference to the third assignment of error is without foundation.

4. The fourth assignment of error is that the verdict is against the weight of the evidence.

Without discussing the evidence in this case in detail, it is sufficient to say that there is in evidence a confession by Cyre Bennett that he alone murdered J. Frank Bennett although he testified on the trial that he had not committed the murder. There is also evidence tending to prove that the pistol with which he confessed he committed the murder was submitted to a ballistic expert, together with a bullet that had been taken from the body of J. Frank Bennett, and that the ballistic expert, after examination and test, had reported that the bullet came from the pistol submitted to him. There is also evidence tending to prove that a bullet shot from said pistol in tests at the police station at Marion, may have been submitted to said expert instead of the bullet taken from the body of J. Frank Bennett, and that his report was based on an examination of such bullet. There is also in evidence a confession by the appellant taken in the presence of witnesses who testified to the confession in which the appellant tells in detail of all the facts and circumstances connected with the murder of J. Frank Bennett and confesses that the murder was committed by himself and one Othel Watkins in the perpetration of a robbery of the deceased from which confession and other facts in evidence it appears that the pistol with which the murder was committed is of the same type and manufacture as the pistol which Cyre Bennett confessed he used in committing the murder.

It further appears from the confession that Watkins was shot in the leg by the deceased in the commission of the robbery, and other facts are in evidence showing that Watkins received treatment for the bullet wound, had told of receiving bullet wound and the manner of receiving same, and that he has a scar at the place where he said he was wounded.

The confession in its terms is logical, coherent and specific, and, except for the confession of Cyre Bennett, is not inconsistent

with other facts in evidence except in minor details, and as hereinbefore stated there is evidence tending to prove that the confession was voluntary.

Upon this state of the record it was the function of the jury to find the facts from the conflicting testimony by determining which of the witnesses and what part of the testimony was worthy of belief. This the jury did adverse to the contention of the appellant, and there is sufficient evidence in the record including the confession of the appellant, which, if found credible by the jury (and which under the general verdict is conclusively presumed to have been found credible by the jury) and which does not appear incredible from the record to prove the guilt of the appellant of the crime charged, beyond a reasonable doubt. The verdict is therefore not against the weight of the evidence.

For the reasons mentioned, we find no error and the judgment will be affirmed at the costs of the appellant.

KLINGER, PJ, and CROW, J, concur.