William J. Bradley appeals from the Scioto County Common Pleas Court's denial of his post-conviction petition after we remanded this matter to the trial court for an evidentiary hearing.[1] On appeal, Bradley contends that the trial court erred when it did not undertake a competency evaluation of Bradley's sole witness. We disagree. Under the invited error doctrine, Bradley cannot complain about the trial court's failure to assess competency because Bradley, not the state, called the alleged incompetent witness to testify. Bradley next argues that the trial court erred when it made a factual finding that a state's witness did not inform the prosecutor at trial that he had misidentified Bradley in his previous statement to a law enforcement officer. We disagree, because competent, credible evidence supports the trial court's factual finding. Bradley next asserts that he did not receive effective assistance of counsel in the trial court because his counsel failed to interview Michael Steele before trial and thus did not find out that Steele had misidentified Bradley. We disagree, because Steele did not know before the trial that he had misidentified Bradley. Finally, Bradley maintains that (1) sufficient evidence does not support his convictions and (2) his convictions are against the manifest weight of the evidence. We do not address these issues because the doctrine of resjudicata bars these claims. Accordingly, we affirm the judgment of the trial court.
 I.
In early February 1984, Bradley and Steele were inmates at the Southern Ohio Correctional Facility when someone murdered Eric Bowling, a supervisor of the facility's sheet metal shop. Steele told an investigating law enforcement officer that in late January 1984, per Bowling's instructions, he informed Bradley that Bradley had to start working full-time in the sheet metal shop. Steele stated that Bradley became upset, and, rising from his bench, demanded to know who said he had to work full time.
At Bradley's trial, the state called Steele as its first witness. However, Steele refused to testify. The trial court called a recess so that the prosecutor and Bradley's counsel could talk to Steele. The conversations between Steele and the prosecutor were off the record and are the crux of this appeal. The trial resumed without Steele ever testifying.
The jury found Bradley guilty of aggravated murder and one specification, and the trial court found him guilty of a second specification. The jury recommended a death sentence and the trial court followed the recommendation. In State v. Bradley
(Sept. 22, 1987), Scioto App. No. 1583, unreported, and Statev. Bradley (1989), 42 Ohio St.3d 136, this court and the Ohio Supreme Court affirmed the judgment and sentence.
Bradley filed a petition, pursuant to R.C. 2953.21, in the trial court for post-conviction relief. The petition included an affidavit executed by Steele in February 1991 which states in part as follows:
I, Michael Steele, * * *
 4) * * * gave a statement to Ivan Teets on February 6, 1984, that related that on January 30, 1984, I was in the sheet metal shop and Mr. Bowling asked me to tell another guy that both he and I would be starting full time.
 5) When I told this guy about working full time, he became upset and wanted to know who said so, I told him the short bald headed guy, the boss.
 6) In my statement to Ivan Teets I identified this guy as Bradley.
 7) I was called as a witness to testify against Bradley.
 8) When I got into the courtroom, I realized the guy who I had told about working full time was not the same guy sitting at the table (Bradley).
 9) The guy I was referring to in my statement was a welder at the shop, not Bradley.
10) I refused to testify.
The trial court dismissed Bradley's petition without a hearing. Bradley appealed to this court, arguing that the trial court erred when it did not grant him an evidentiary hearing regarding the off the record statement of Steele to the prosecutor during the recess. Bradley maintained that the prosecutor committed misconduct by (1) never disclosing to him that Steele's initial statement was false, (2) failing to withdraw the initial statement from the investigative file which the trial court admitted into evidence, and (3) referring to Steele's initial statement during closing arguments in the guilt-innocence phase of the trial. Additionally, Bradley argued that the state illegally suppressed exculpatory evidence by failing to give him Steele's off-the-record statement involving the misidentification.
In short, Bradley claimed that the trial court erred when it failed to grant him an evidentiary hearing. We agreed. After overruling Bradley's remaining assignments of error, we remanded these prosecutorial misconduct issues to the trial court for an evidentiary hearing.[2]
At the evidentiary hearing on remand, Bradley called Steele as his sole witness. Steele initially testified that he told the prosecutor of his misidentification of Bradley. However, Steele soon changed this testimony and stated that he did not remember if he told the state that he misidentified Bradley. He then asserted his fifth amendment right against self-incrimination and refused to testify further. The state called the trial prosecutor, Lynn Grimshaw, as its sole witness. Prosecutor Grimshaw testified that Steele did not tell him during the trial about the misidentification of Bradley.
The trial court denied Bradley's petition for post-conviction relief and issued its findings of fact and conclusions of law. Two of the trial court's findings of fact are as follows:
 2. The Court finds [the] testimony of Prosecutor Grimshaw reliable and credible, and that he had no knowledge that Michael Steele's refusal to testify at trial was because Bradley was not the man Steele had previously identified * * *. Further, the Court finds that the Prosecution did not suppress or fail to disclose exculpatory, favorable or material evidence to Petitioner Bradley.
 3. The Court finds that * * * Michael Steele's affidavit does not claim that he (Steele) communicated the information contained within it to the Prosecutor, his staff or any law enforcement personnel.
Bradley appeals the trial court's decision and asserts the following four assignments of error:
 I. THE TRIAL COURT ERRED IN NOT ORDERING A COMPETENCY EVALUATION OF MICHAEL STEELE.
 II. THE TRIAL COURT ERRED WHEN IT DID NOT GRANT MR. BRADLEY RELIEF AS TO THE SIXTH AND EIGHT CLAIMS FOR RELIEF.
 III. THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT MR. BRADLEY RELIEF BECAUSE HE RECEIVED THE INEFFECTIVE ASSISTANCE OF COUNSEL.
 IV. THE TRIAL COURT ERRED WHEN IT PERMITTED MR. BRADLEY'S CONVICTION TO REMAIN INTACT.
 II.
Ohio's post-conviction relief statute, R.C. 2953.21(A), provides that:
 Any person convicted of a criminal offense * * * [claiming] that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
The petitioner carries the burden of setting forth sufficient operative facts in his petition, supported by affidavits and other documentary evidence, to show a substantive ground for relief, State v. Jackson (1980), 64 Ohio St.2d 107, 111, so that he is entitled to a hearing. R.C. 2953.21(C). If the trial court does not find grounds for granting relief after a hearing, then the trial court must enter findings of fact and conclusions of law and enter judgment denying relief. R.C.2953.21(G).
 A.
Bradley argues in his first assignment of error that the trial court had an independent duty at the evidentiary hearing to order a competency evaluation based on Michael Steele's answers to questions about his educational and employment background. Bradley contends that Steele's actions and answers to the questions at the trial and post-conviction evidentiary hearing showed that he had limited intelligence and was possibly delusional. Bradley maintains that the trial court's failure to order the competency evaluation resulted in an unfair and unlawful evidentiary hearing because Evid.R. 601(A) requires competent witnesses. While we agree that Evid.R. 601(A) requires competent witnesses, we disagree that the trial court erred when it failed to independently order a competency evaluation.
Generally, the trial judge determines the competency of a witness and his decision will not be disturbed absent an abuse of discretion. Prudential Ins. Co. Of America v. Hashman
(1982), 7 Ohio App.3d 55, 58, citing State v. Braden (1936),56 Ohio App. 19. However, we never reach an abuse of discretion analysis in the case sub judice because Bradley invited the alleged error. The invited error doctrine provides that a party cannot take advantage of an error that he invited or induced the trial court to make. State v. Wilson (1996), 74 Ohio St.3d 381,396. See, also, State v. Montgomery (1991), 61 Ohio St.3d 410,418, and State v. Seiber (1990), 56 Ohio St.3d 4, 17.
In Wilson, the defendant argued that the trial court improperly admitted evidence regarding his juvenile record. The Ohio Supreme Court pointed out that the record showed that the defendant "mentioned his juvenile record and introduced evidence of that record at sentencing. Having invited any error, he cannot now complain." Wilson at 396, citing CenterRidge Ganley, Inc. v. Stinn (1987), 31 Ohio St.3d 310.
Here, Bradley called Steele as his witness and introduced his testimony. Having invited any error, Bradley cannot now complain that Steele might have been incompetent.
Accordingly, we overrule Bradley's first assignment of error.
 B.
Bradley argues in his second assignment of error that the trial court erred when it did not grant him relief on his claims of prosecutorial misconduct. Bradley further states that "[b]efore this Court addresses the legal analysis surrounding this Assignment of Error, it must make one credibility determination, whether Mr. Steele told the prosecutor that Bradley was not the individual who was angered by the decedent." We agree that the prosecutorial misconduct issues that Bradley raises turn on what Steele told the prosecutor. However, we disagree with Bradley that this court is responsible for making the credibility determination.
An action for post-conviction relief is a civil proceeding,State v. Milanovich (1975), 42 Ohio St.2d 46, 49, and the trial court is the trier of fact. R.C. 2953.21. Thus, the trial court is in the best position to resolve questions of fact and determine the credibility of witnesses. See State v. Dunlap
(1995), 73 Ohio St.3d 308, 314; State v. Fanning (1982), 1 Ohio St.3d 19,20. "The choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." State v. Awan (1986), 22 Ohio St.3d 120,123.
A reviewing court can only reverse the factual findings of a trial court if the findings are against the manifest weight of the evidence. See Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80. An appellate court cannot reverse findings as against the manifest weight of the evidence when those findings are supported by some competent credible evidence. Id. In short, we must defer to the trial court's factual findings if the findings are supported by some competent credible evidence.
Here, the trial court found that Steele did not tell the prosecutor during the trial about Steele's misidentification of Bradley. Competent credible evidence supports the trial court's finding. Prosecutor Grimshaw testified that Steele did not tell him during the trial about the misidentification. Steele testified that he did tell the prosecutor but then changed his testimony and said he could not remember if he told the prosecutor about the misidentification. The trial court, as the trier of fact, was free to believe all, none, or part of this testimony. Prosecutor Grimshaw's testimony alone constitutes competent credible evidence which supports the trial court's finding. Thus, the trial court did not err when it made its factual determination. Bradley based each of his prosecutorial misconduct claims on his assertion that the trial court made an erroneous factual determination. Consequently, all of Bradley's arguments regarding prosecutorial misconduct fail.
Accordingly, we overrule Bradley's second assignment of error.
 C.
Bradley argues in his third assignment of error that he received ineffective assistance of counsel in the trial court. Bradley maintains that his trial counsel failed to interview any of the state's witnesses when preparing for trial. He contends that if his counsel had interviewed Steele before trial, his counsel would have known to call him as a witness. He claims that Steele's testimony would have raised a reasonable doubt on the "prior calculation and design" element of aggravated murder. Thus, Bradley concludes that the jury would not have found him guilty of aggravated murder with Steele's testimony.
Bradley also argued in his direct appeal that his trial counsel was ineffective because his counsel did not conduct pretrial interviews of the state's witnesses. The Ohio Supreme Court stated the following on this issue in Bradley's direct appeal:
 It is undisputed that appellant's counsel did not interview any of the witnesses called by the state. However, this could easily have been a considered choice of counsel, given both appellant's admission of guilt to the corrections officers and his long history of mental instability. In fact, counsel did diligently pursue the question of appellant's mental stability. Appellant, at the insistence of counsel, was evaluated by Dr. Litvak. Though found competent to stand trial, appellant was also diagnosed as suffering from mental illness. This evidence was used by counsel on appellant's behalf in pleading not guilty by reason of insanity. While counsel may have been more diligent, we do not find that, in this case, the lack of further diligence affected the outcome in any way.
Bradley at 146.
If a petitioner alleges constitutional violations which he raised on direct appeal or could have raised on direct appeal, then the doctrine of res judicata bars the claim for post-conviction relief. State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. However, res judicata will not bar a petitioner's claim if the claim for relief is supported by claims outside the original record. State v. Cole
(1982), 2 Ohio St.3d 112, syllabus.
Here, Bradley claims that new evidence adduced at the evidentiary hearing supports his ineffective assistance of counsel claim. He asserts that the new evidence shows that Steele would have testified at trial that Bradley was not the one that got upset with the victim. In short, on direct appeal Bradley claimed his counsel did not conduct pretrial interviews of the state's witnesses, which the Supreme Court did not find prejudicial. Now, Bradley claims that the new evidence shows that he was prejudiced. Thus, we will assume that the doctrine of res judicata does not apply to this issue.
The Sixth Amendment to the United States Constitution insures that a defendant in a criminal prosecution will have assistance of counsel for his defense. In State v. Ballew (1996), 76 Ohio St.3d 244,255, the Ohio Supreme Court stated the following:
 Reversal of a conviction or sentence based upon ineffective assistance requires (a) deficient performance, "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (b) prejudice, "errors * * * so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington
(1984), 466 U.S. 668, 687.
As to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland at 689. Furthermore, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id.
In addition, the defendant must demonstrate that his counsel's deficient performance prejudiced him. Id. at 687. The court may apply the two-prong test for ineffective assistance in any order. Therefore, we may dispose of a defendant's ineffective assistance claim on the basis that the defendant failed to show prejudice without addressing the quality of counsel's performance. Id. at 697. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must show a reasonable probability that but for trial counsel's failure to perform, the outcome of the trial would have been different. State v. Bradley, supra, 42 Ohio St.3d at paragraph three of the syllabus.
The United States Supreme Court has noted that "there can be no such thing as an error-free, perfect trial, and * * * the Constitution does not guarantee such a trial." United States v.Hasting (1983), 461 U.S. 499, 508-509.
Here, we find that Bradley would not have found out that Steele had changed his testimony if his counsel had interviewed Steele before trial. Steele testified at Bradley's post-conviction evidentiary hearing that he did not know he had misidentified Bradley until he walked into the courtroom to testify. Thus, Bradley's counsel would not have found out about the alleged misidentification prior to trial. Consequently, we find that Bradley was not prejudiced by his counsel's failure to interview Steele before trial.
Accordingly, we overrule Bradley's third assignment of error.
 D.
Bradley argues in his fourth assignment of error that insufficient evidence supported his conviction and that his conviction was against the manifest weight of the evidence. Specifically, Bradley maintains that the state failed to prove the "prior calculation and design" element of aggravated murder.
When we review the sufficiency of the evidence, we must examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus. In determining whether a criminal conviction is against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted. State v. Thompkins (1997), 78 Ohio St.3d 380,387, quoting State v. Martin (1983), 20 Ohio App.3d 172,175.
As we stated earlier, if a petitioner alleges constitutional violations which he raised on direct appeal or could have raised on direct appeal, then the doctrine of res judicata bars the claim for post-conviction relief. State v. Perry, supra, at paragraph nine of the syllabus. However, res judicata will not bar a petitioner's claim if the claim for relief is supported by claims outside the original record. State v. Cole,supra, at syllabus.
Our standards of review regarding insufficient and manifest weight of the evidence both require us to look at the evidence properly admitted into evidence and considered by the trier of fact. A finding that the trial court erroneously admitted evidence requires us to re-evaluate the sufficiency and manifest weight of the evidence to determine whether the remaining evidence supports the conviction. See In re Carter
(1997), 123 Ohio App.3d 532. A finding of newly discovered evidence pursuant to Crim.R. 33(A)(6) results in a new trial, and we would not consider the newly discovered evidence on sufficiency and manifest weight of the evidence issues until after the trier of fact considered the newly discovered evidence at the re-trial. However, a finding at the post-conviction hearing that neither adds to nor subtracts from the evidence admitted at trial requires no new evaluation of the sufficiency or manifest weight of the evidence. The doctrine of res judicata bars a post-conviction challenge to a record identical to the direct appeal record.
Here, the trial court did not make a finding at Bradley's post-conviction evidentiary hearing that added to or subtracted from the evidence the trier of fact considered in the trial court. Thus, Bradley could have raised these issues on direct appeal with arguments involving the same evidence before us now. Consequently, the doctrine of res judicata bars Bradley's claims.
Accordingly, we overrule Bradley's fourth assignment of error.
 III.
In conclusion, we find that the trial court did not have to independently determine whether Steele was competent to testify because of the doctrine of invited error. We next find that the trial court's factual findings were supported by competent credible evidence. We next find that any error Bradley's trial counsel made by not interviewing Steele before trial did not prejudice Bradley. And, finally, we find that Bradley's remaining claims are barred by the doctrine of res judicata.
Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this Entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Evans, J.: Concurs in Judgment and Opinion. Abele, J.: Concurs in Judgment and Opinion as to A/E II, III, IV and Concurs in Judgment Only as to A/E I.
For the Court
 BY: _____________________ Roger L. Kline, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] See State v. Bradley (Dec. 2, 1996), Scioto App. No. 95CA2364, unreported.
[2] See footnote one.