This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Richard M. Huffman ("Huffman"), appeals his conviction in the Wayne County Court of Common Pleas. We affirm.
 I.
On March 24, 2000, Officer Wenger stopped Huffman for speeding and for failing to display a front license plate. Officer Wenger approached the passenger's side of the vehicle and questioned Huffman. As Huffman reached to the floor of his vehicle to recover the front license plate, Officer Wenger observed some open beer bottles. Officer Wenger moved to the driver's side of the vehicle and smelled a moderate odor of alcohol from the car. In response to a question, Huffman stated that he had consumed two beers that evening. Officer Wenger conducted field sobriety tests and arrested Huffman.
Huffman was charged with speeding, in violation of R.C. 4511.21; failure to display a front license plate, in violation of R.C. 4503.21(A); driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1) and R.C. 4511.19(A)(3); possession of drug paraphernalia, in violation of R.C. 2925.14; and possession of marihuana, in violation of R.C. 2925.11(A). Huffman pleaded guilty to the drug paraphernalia and possession of marihuana charges and prepared for trial on the remaining charges.
Huffman filed a motion in limine to prohibit the use of evidence of his field sobriety tests. In support of his motion, Huffman relied on Statev. Homan (2000), 89 Ohio St.3d 421. In Homan, the Court held that "[i]n order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures." Id. at paragraph one of the syllabus. The trial court denied the motion and Officer Wenger testified at trial regarding the field sobriety tests.
After a jury trial, the court convicted Huffman of failure to display a front license plate and two counts of driving under the influence. The trial court sentenced Huffman to one year in prison, a $1,500 fine, ten years suspension of his driver's license, and alcohol and drug treatment. This appeal followed.
 II. First Assignment of Error The trial court erred by overruling appellant's motion in limine and permitting testimony at trial on field sobriety tests not conducted in strict compliance with the standardized procedures set forth in the Field Sobriety Testing Manual published by the National Highway Safety Administration (NHTSA).
In his first assignment of error, Huffman argues that the trial court erred in overruling his motion in limine. A ruling on a motion inlimine is an interlocutory ruling as to the potential admissibility of evidence at trial and cannot serve as the basis for reviewing error on appeal. State v. Grubb (1986), 28 Ohio St.3d 199, 201-202. Since a ruling on a motion in limine is only preliminary, an objection to such must be raised once the evidentiary issue is presented during trial in order to properly preserve the question for appeal. State v. Maurer
(1984), 15 Ohio St.3d 239, 259-60.
In the present case, Huffman failed to object at trial to the evidence regarding his field sobriety tests. Accordingly, the issue is not properly before this court. Huffman's first assignment of error is overruled.
 III. Second Assignment of Error The trial court erred by refusing to allow appellant's counsel to voir dire the police officer following objection to the officer's competency pursuant to Evidence Rule 601(C) and [R.C. 4549.14], when the uncontroverted evidence established that the officer had been driving an unmarked vehicle and assisted in the arrest of appellant.
In his second assignment of error, Huffman argues that Officer Clark was not competent to testify at trial. We disagree.
In reviewing a trial court's decision to allow testimony, an appellate court shall not overturn a decision absent a showing of an abuse of discretion. State v. Braden (1936), 56 Ohio App. 19, 23-24. An abuse of discretion connotes more than a mere error in judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Evid.R. 601(C) provides:
 [a]n officer, while on duty for the exclusive or main purpose of enforcing traffic laws, arresting or assisting in the arrest of a person charged with a traffic violation punishable as a misdemeanor where the officer at the time of the arrest was not using a properly marked motor vehicle as defined by statute or was not wearing a legally distinctive uniform as defined by statute.
R.C. 4549.14 provides:
 [a]ny officer arresting, or participating or assisting in the arrest of, a person charged with violating the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, such officer being on duty exclusively or for the main purpose of enforcing such laws, is incompetent to testify as a witness in any prosecution against such arrested person if such officer at the time of the arrest was using a motor vehicle not marked in accordance with section 4549.13 of the Revised Code.
According to the evidence at trial, Officer Clark did not arrive on the scene until after Officer Wenger had placed Huffman under arrest for driving under the influence of alcohol. As Officer Clark was travelling to work, he stopped at the scene of the arrest to assist Officer Wenger. Officer Clark's assistance was in the form of administering the BAC test after Huffman was transported to the police station. Officer Clark testified that he is the senior operator of the Smithville Police Department's BAC Datamaster machine and that he administered Huffman's BAC test. Accordingly, Officer Clark's status as a witness was unaffected by Evid.R. 601(C) and R.C. 4549.14 because he did not arrest, participate or assist in the arrest of Huffman.
We find that the trial court did not abuse its discretion in allowing Officer Clark to testify regarding the BAC test. Huffman's second assignment of error is overruled.
 IV.
Having overruled both of Huffman's assignments of error, we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ WILLIAM G. BATCHELDER
CARR, J. CONCURS IN JUDGMENT ONLY.
BAIRD, J. DISSENTS.