CITY OF WESTERVILLE, APPELLEE, *v.* CUNNINGHAM, APPELLANT.

[Cite as Westerville v. Cunningham, 12 Ohio App. 2d 34.]

(No. 8575—Decided October 24, 1967.)

*Mr. Alan E. Norris,* city prosecutor, for appellee.
*Mr. Jerry Weiner,* for appellant.

DUFFEY, P. J. This is an appeal from a judgment of conviction by the Municipal Court on a charge of operating a vehicle under the influence of alcohol. Appellant was also charged with giving false information, but was acquitted by a jury.

The appeal was filed as one on questions of law and fact. An order reducing the appeal to one on questions of law only may be included in the final entry.

The principal assignment of error challenges the admission of testimony, over objection, relating to the refusal by appellant to submit to a chemical test for alcohol.

A police officer, called as a witness by the city, was asked on direct examination whether the defendant had been requested to submit to a chemical test for alcohol. Over objections repeatedly asserted, the witness testified that he did so ask the defendant, and that the defendant refused. The witness further testified that "when I asked him why he was refusing, he said, my uncle and lawyer told me not to. I have been arrested for this before." In closing argument, the prosecutor alluded to this evidence.

The admissibility of this testimony as part of the prosecution's case must rest on the proposition that it tends to prove an extrajudicial admission of the defendant bearing on guilt, i. e., that the fact of the refusal gives rise to an inference that defendant was probably attempting to conceal the presence of alcohol. This is difficult to accept. The defendant had no legal obligation to submit to such a test under Ohio law at that time. There was no statute imposing a duty to take a test, and no court order had been obtained. The defendant was under arrest and was in custody at the police station. A refusal under those circumstances would be to the defendant's interest regardless of guilt or innocence. We therefore cannot find that the refusal permitted the drawing of a reasonable inference of guilt. The evidence should have been excluded as having no probative value.

However, we do not wish to rest our conclusion on such a narrow ground. In our opinion, the officer's testimony violated defendant's privilege against self-incrimination.

The city argues that proof of the defendant's statements is within the recent holding of the Supreme Court in *Schmerber* v. *California* (1966), 384 U. S. 757. In that case, the court held that a test such as requested here does not violate the privilege against self-incrimination. The decision is not binding as to Ohio law, but it will be assumed here that the Ohio Supreme Court will choose to follow that precedent.

In *Schmerber*, the court carefully distinguished a physical examination from testimonial utterances made in conjunction with a request for or administration of the examination itself. The court pointedly stated that the admission of evidence of a refusal to take a test, as well as comment upon a refusal, was

subject to "general Fifth Amendment principles." 384 U. S., at 766, N. 9. This statement of the Supreme Court referred specifically to a test for alcohol.

The court, in *Schmerber*, also specifically called attention to its statement in *Miranda* v. *Arizona* (1966), 384 U. S. 436, at 468, N. 37. In that case, the court stated:

"In accord with our decision today, it is impermissible to penalize an individual for exercising his Fifth Amendment privilege when he is under police custodial interrogation. The prosecution may not, therefore, use at trial the fact that he stood mute or claimed his privilege in the face of accusation. Cf. *Griffin* v. *California*, 380 U. S. 609 (1965); *Malloy* v. *Hogan*, 378 U. S. 1, 8 (1964); Comment, 31 U. Chi. L. Rev. 556 (1964); Developments in the Law—Confessions, 79 Harv. L. Rev. 935, 1041-1044 (1966). See also *Bram* v. *United States*, 168 U. S. 532, 562 (1897)."

These principles are, of course, applicable to state courts under the Fourteenth Amendment. *Malloy* v. *Hogan* (1964), 378 U. S. 1.

If these principles so laid down are followed, the only point left is whether the defendant invoked his privilege. Regardless of so-called "Miranda warnings," it seems clear that he sufficiently invoked his privilege. Accordingly, the admission of evidence to show a refusal and the other statements of the defendant made in conjunction with that refusal were designed to prove incriminating verbal admissions covered by the Fifth Amendment. Since the defendant invoked his privilege, and since he objected to the evidence at trial, it should have been excluded.

The city also relies upon *State* v. *Gatton* (1938), 60 Ohio App. 192. The holding of that case is directly contrary to our conclusion here. The decision of the court in *Gatton* fails to distinguish the physical test itself from an utterance of the defendant in refusing a test. As to the court's policy arguments, whatever their merit, they have been rejected by the United States Supreme Court.

The second assignment of error relates to the testimony of the same witness of an alleged statement of defendant that he had been arrested on the same charge before. The testimony

was clearly improper, and the jury should have been instructed to disregard it. However, we do not find it to have been prejudicial error.

The third assignment is without merit.

The judgment of the Municipal Court will be reversed and the cause remanded for further proceedings.

*Judgment reversed.*

BROWN, J., concurs.

HERBERT, J., concurring in the judgment. In an opinion released on May 12, 1938, Judge P. H. Stevens of the Ninth District Court of Appeals expressed the thoughts of that court in the following manner:

"There has been an increasing tendency in recent years upon the part of courts of many jurisdictions to extend the scope of the self-incrimination constitutional provisions to entirely unwarranted lengths. Modern-day transportation, which enables criminals to travel with great rapidity from one part of a state to another, or from one state to another state, together with improvements in lethal instruments, has made the path of the law-enforcement officer exceedingly rough; and it seems to the members of this court to be high time to discontinue such an attitude toward those accused of criminal offenses, and to secure to them such rights as are clearly guaranteed by constitutional provisions, but no more. Maudlin sentimentality in favor of those accused of crime should not be encouraged." (*State v. Gatton*, 60 Ohio App. 192, 196.)

Judge Stevens' words relative to the problems faced by law enforcement officials in 1938 could well have been written this very day, and might even constitute an understatement at that. Nevertheless, as I read the recent U. S. Supreme Court decisions, it seems clear that they leave us no choice but to reverse this conviction.

BROWN, J., of the Sixth Appellate District, sitting by designation in the Tenth Appellate District.