CITY OF WESTERVILLE, APPELLANT, *v.* CUNNINGHAM, APPELLEE.

[Cite as Westerville v. Cunningham, 15 Ohio St. 2d 121.]

(No. 41377—Decided July 10, 1968.)

*Messrs. Metz, Bailey & Norris* and *Mr. Allen E. Norris*, for appellant.

*Mr. Jerry Weiner*, for appellee.

TAFT, C. J. The first ground given by the Court of Appeals opinion (12 Ohio App. 2d 34, 230 N. E. 2d 671) for its decision is that the evidence of defendant's refusal to take a chemical test for intoxication would have no probative value. Some courts have so held (annotation, 87 A. L. R. 2d 370, at 386) and stated that the refusal of an accused to take such a test may have no relation to the question of his guilt or innocence. *State* v. *McCarthy* (1960), 259 Minn. 24, 104 N. W. 2d 673, 87 A. L. R. 2d 360; *Engler* v. *State* (1957 Okla. Cr.), 316 P. 2d 625.

Such a refusal may sometimes have no such relation, but in the instant case defendant was asked if he had any reason for his refusal, and he gave no reason which would indicate that his refusal had no relation to the question of his guilt or innocence. Thus, this case differs from *Columbus* v. *Mullins* (1954), 162 Ohio St. 419, 123 N. E. 2d 422, where the defendant refused to take such a test unless his own physician was present and there was no showing that such physician was not available. See also 87 A. L. R. 2d 370, at 384.

Where a defendant is being accused of intoxication and is not intoxicated, the taking of a reasonably reliable chemical test for intoxication should establish that he is not intoxicated. On the other hand, if he is intoxicated, the taking of such a test will probably establish that he is intoxicated. Thus, if he is not intoxicated, such a test will provide evidence for him; but, if he is intoxicated, the test will provide evidence against him. Thus, it is reasonable to infer that a refusal to take such a test indicates the defendant's fear of the results of the test and his consciousness of guilt, especially where he is asked his reason for such refusal and he gives no reason which would indicate that his refusal had no relation to such consciousness of guilt.

We conclude that, in the instant case, the defendant's

refusal to take a chemical test for intoxication would have probative value on the question as to whether he was intoxicated at the time. This conclusion is supported by the recent decision in *State* v. *Cary* (1967), 49 N. J. 343, 230 A. 2d 384. See *People* v. *Sudduth* (1966), 65 Cal. 2d 543, 421 P. 2d 401, and annotation, 87 A. L. R. 2d 370 at 384 *et seq.* See also *People* v. *Ellis* (1966), 65 Cal. 2d 529, 421 P. 2d 393.

We recognize that this conclusion is necessarily based upon the additional conclusion that the results of such a test would be reasonably reliable on the issue of intoxication. Defendant has not raised any question about such additional conclusion, perhaps because such tests are today generally recognized as being reasonably reliable on the issue of intoxication when conducted with proper equipment and by competent operators. In presenting this case, both parties apparently proceeded on the assumption that the proposed test that the defendant refused to take would be reasonably reliable on the issue of intoxication of the one being tested. Hence, we express no opinion on the question as to who would otherwise have the burden of proving such reliability. See *Crawley* v. *State* (Tenn. 1967), 413 S. W. 2d 370.

The other ground given by the Court of Appeals for its decision, and the principal contention of defendant, is that the admission of evidence that defendant refused to take a chemical test for intoxication would violate the privilege against self-incrimination of defendant, given to him by the Fifth and Fourteenth Amendments to the United States Constitution, as interpreted by *Griffin* v. *California* (1965), 380 U. S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229; *Malloy* v. *Hogan* (1964), 378 U. S. 1, 12 L. Ed. 2d 653, 24 S. Ct. 1489; and *Miranda* v. *Arizona* (1966), 384 U. S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602.

Unlike in *Griffin* v. *California, supra,* the admission of evidence of defendant's refusal to take a chemical test for intoxication and comment by counsel thereon would not dilute any constitutional right of defendant. As stated by Traynor, Chief Justice, in *People* v. *Sudduth, supra* (665

Cal. 2d 543), at page 546, with respect to reliance on the *Griffin case, supra*:

"* * * The sole rationale for the rule against comment on a failure to testify is that such a rule is a necessary protection for the exercise of the underlying privilege of remaining silent. * * *"

*Schmerber* v. *California* (1966), 384 U. S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826, held that a defendant had no constitutional right to refuse to take a chemical test for intoxication.

Hence, we conclude that the admission of evidence, that one accused of intoxication refused to take a reasonably reliable chemical test for intoxication, and comment on such report by counsel do not violate any constitutional privilege against self-incrimination.

This conclusion is supported by the recent decisions of *People* v. *Sudduth, supra* (65 Cal. 2d 543), and *State* v. *Cary, supra* (49 N. J. 343). See *People* v. *Ellis, supra* (65 Cal. 2d 529); annotation, 87 A. L. R. 2d 370, 379 *et seq.*

The Court of Appeals and defendant place considerable reliance on footnote 9 in *Schmerber* v. *California, supra* (384 U. S. 757). Similar arguments were disposed of by Chief Justice Traynor in *People* v. *Ellis, supra* (65 Cal. 2d 529) at 538, where he stated:

"We are aware that the United States Supreme Court in *Schmerber* v. *California* * * * fn. 9 * * * has cautioned that in some cases the administration of tests might result in 'testimonial products' proscribed by the privilege. We do not believe, however, that the inferences flowing from guilty conduct are such testimonial products. Rather, the court's concern seemed directed to insuring full protection of the testimonial privilege from even unintended coercive pressures. In the case of a blood test, for example, the court considered the possibility that fear induced by the prospect of having the test administered might itself provide a coercive device to elicit incriminating statements. Such a compelled testimonial product would of course be inadmissible."

For the foregoing reasons, the judgment of the Court of Appeals is reversed and that of the Municipal Court is affirmed.

*Judgment reversed.*

Zimmerman, Matthias, O'Neill, Herbert, Schneider and Brown, JJ., concur.