OPINION
On May 5, 2001, Licking County Sheriff Deputy Randy Morton stopped appellant, Tracee Carrico, for a lane violation. Upon investigation, Deputy Morton cited appellant for driving under the influence in violation of R.C. 4511.19.
On May 22, 2001, appellant filed a motion to suppress and/or inlimine, challenging the use of field sobriety tests and claiming Deputy Morton lacked reasonable suspicion to conduct field sobriety tests and lacked probable cause to arrest appellant. A hearing was held on June 29, 2001. By judgment entry filed July 23, 2001, the trial court denied said motion.
A jury trial commenced on July 23, 2001. The jury found appellant guilty as charged. By judgment entry of conviction filed same date, the trial court sentenced appellant to ninety days in jail, seventy-five suspended, and imposed a $400 fine plus court costs.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. APPELLANT WAS DENIED HER RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES AS GUARANTEED UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION BECAUSE THE OFFICER DID NOT HAVE PROBABLE CAUSE TO ARREST APPELLANT.
 II. THE TRIAL COURT ERRED IN ALLOWING THE OFFICER TO TESTIFY TO APPELLANT'S REFUSAL TO COMPLETE THE FIELD SOBRIETY TESTS AND BY NOT GRANTING APPELLANT'S MOTION IN LIMINE.
 I
Appellant claims the trial court erred in denying her motion to suppress. We disagree.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are again the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19;State v. Klein (1991), 73 Ohio App.3d 485; State v. Guysinger (1993),86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v.Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993),85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
In Terry v. Ohio (1968), 392 U.S. 1, 22, the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus. Probable cause to arrest is not synonymous to probable cause for search. Arrest focuses on the prior actions of the accused. Probable cause exists when a reasonable prudent person would believe that the person arrested had committed a crime. State v. Timson (1974),38 Ohio St.2d 122. A determination of probable cause is made from the totality of the circumstances. Factors to be considered include an officer's observation of some criminal behavior by the defendant, furtive or suspicious behavior, flight, events escalating reasonable suspicion into probable cause, association with criminals and location. Katz, Ohio Arrest, Search and Seizure (2001 Ed.), 83-88, Sections 3.12-3.19.
Appellant does not argue that Deputy Morton lacked probable cause to stop her under Terry because the evidence establishes a lane violation. June 29, 2001 T. at 7. Appellant challenges whether there was sufficient evidence to arrest her for driving under the influence. Deputy Morton testified to the following:
 I got out of my car and the Defendant got out of her car, or opened the door, didn't actually get out at that time. As I walked up to the vehicle I could smell a strong odor of an alcoholic beverage coming from the vehicle. I asked her where she was going. She told me that she was, she'd left Newark and was headed to Mt. Vernon and really did not have any idea where she was at right at the moment. At that time I asked her to step out so I could do a series of field sobriety tests. She had a little bit of trouble getting out of the vehicle. She had to use her hands for balance as she exited the vehicle. I attempted to, I explained the horizontal gaze nystagmus test to her, told her to look at the tip of my pen and just follow it with her eyes, not to move her head. I attempted that test numerous times and she kept moving her head and wouldn't keep her head still. I was going to administer some other field sobriety tests and at that time she refused to take any field sobriety tests.
 Id. at 8.
Deputy Morton concluded that the lane violation, coupled with her pulling into a field, the odor of alcohol, her poor coordination in exiting her vehicle and her inability to follow the instructions on the horizontal gaze nystagmus test were sufficient indicia of being under the influence. Id. at 9-10. Deputy Morton and another officer had to physically help appellant into the back of the police cruiser. Id. at 21.
Probable cause is not an exact science and rests upon the personal and sometimes subjective observations of the officer. Upon review, we find there were sufficient operable facts to substantiate the arrest for driving under the influence.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in not granting her motion inlimine and in permitting testimony at trial of her refusal to perform the field sobriety tests. We disagree.
The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173 . In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Appellant argues the Supreme Court of Ohio "repeatedly failed to distinguish — and utterly confused — the relevance of evidence relating the per se offense from evidence relevant to the impairment offense," citing State v. Bresson (1990), 51 Ohio St.3d 123, as an example. Appellant's Brief at 8-10. Appellant argues just as the results of a BAC test are inadmissable in a R.C. 4511.19(A)(1) case, so to should the refusal to perform field sobriety tests be inadmissible in an (A)(1) case.
We disagree for the following reasons. All evidence must first be classified as either relevant or irrelevant to the facts which need to be proven. Relevant evidence is defined in Evid.R. 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
Under this rule, the failure or refusal to perform field sobriety tests can reflect on the individual's judgment, understanding and attitude at the time and therefore, in a case where intoxication or ability to operate a vehicle is the issue, such refusal is relevant. Further, just as a refusal to take a BAC test is relevant, Westerville v. Cunningham
(1968), 15 Ohio St.2d 121, so to is a refusal to perform field sobriety tests.
The jury was charged with determining the issue of appellant's ability to operate the motor vehicle and as a result, was entitled to hear all the evidence and circumstances surrounding her arrest.[1]
Upon review, we find the trial court did not err in denying the motionin limine or in permitting the complained of testimony at trial.
Assignment of Error II is denied.
The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.
By FARMER, J. GWIN, P.J. and WISE, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Licking County, Ohio is affirmed.
[1] On cross-examination of Deputy Morton, defense counsel attempted to establish a legitimate reason for appellant's refusal to perform the field sobriety tests. July 23, 2001 T. at 30-32.