OPINION
Defendant-appellant Willie McCoy, Jr. appeals from his conviction and sentence by the Stark County Court of Common Pleas on one count of driving while the under the influence, in violation of R. C. 4511.19(A)(1). The appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On the evening of January 6, 2001, Officer Baumgardner, of the Massillon Police Department, Massillon, Ohio, observed an automobile driven by Willie McCoy, Jr. [hereinafter appellant] run a stop sign and turned in front of Officer Baumgardner. This caused the officer to have to hit his brakes to slow down. Officer Baumgardner ran appellant's license plate number and learned that appellant's driver's license was under suspension. Officer Baumgardner stopped appellant's vehicle. In speaking with appellant, Office Baumgardner noticed that appellant's eyes were bloodshot and glassy. The officer also noticed that appellant's speech was slurred. Appellant admitted to having a few drinks. Appellant was arrested for driving under a suspended license and transported to the Massillon City Jail. While at the Massillon City Jail, appellant was asked to perform three field sobriety tests: the horizontal gaze nystagmus test, the walk and turn test and the one leg stand test. According to Officer Baumgardner, appellant failed all three tests. Appellant refused to take a breathalyzer test.
Appellant was indicted by the Stark County Grand Jury on one count of driving under the influence in violation of R. C. 4511.19(A)(1), as a third degree felony [hereinafter DUI]. Prior to trial, appellant filed a Motion to Suppress Evidence. Following a hearing, the trial court sustained appellant's motion in part, suppressing the results of the horizontal gaze nystagmus test, and overruled the motion in part, refusing to suppress results of the walk and turn test and the one leg stand test.
The case proceeded to a jury trial. The jury returned a verdict of guilty to the crime of driving under the influence as charged. On April 9, 2001, the trial court sentenced appellant to a definite term of two years in prison. The trial court further ordered that appellant's driver's license be suspended for a period of five years. Lastly, appellant was ordered to pay a fine of $1,000.00 and court costs.
It is from this conviction and sentence that appellant appeals, raising the following assignments of error:
 APPELLANT WAS DENIED A FAIR TRIAL DUE TO PROSECUTORIAL MISCONDUCT DURING CLOSING ARGUMENTS. THE TRIAL COURT ABUSED ITS DISCRETION IN NOT DECLARING A MISTRIAL DUE TO THIS MISCONDUCT.
 THE TRIAL COURT ERRED IN FINDING PROBABLE CAUSE TO ARREST APPELLANT FOR OMVI AND IN ALLOWING THE ADMISSION OF CERTAIN FIELD SOBRIETY TEST RESULTS AT TRIAL.
 I
In the first assignment of error, appellant contends that the trial court erred by failing to declare a mistrial on two occasions due to prosecutorial misconduct during closing argument. We disagree.
The test for prosecutorial misconduct is whether the prosecutor's conduct at trial was improper and prejudicially affected the substantial rights of the defendant. State v. Lott (1990), 51 Ohio St.3d 160, 165;State v. Smith (1984), 14 Ohio St.3d 13, 14-15. "The conduct of a prosecuting attorney during trial cannot be made a ground of error unless the conduct deprives the defendant of a fair trial." State v.Apanovitch (1987), 33 Ohio St.3d 19, 24. The prosecutor's conduct must be considered in the context of the entire trial. See Darden v. Wainwright
(1986), 477 U.S. 168, 181-182; Donnelly v. DeChristoforo (1974),416 U.S. 637, 643-645.
Mistrials need to be declared only when the ends of justice so require and a fair trial is no longer possible. State v. Franklin (1991),62 Ohio St.3d 118, 127. The standard of review for evaluating a trial court's decision to grant or deny a mistrial is abuse of discretion.State v. Maurer (1984), 15 Ohio St.3d 239. An abuse of discretion connotes more than an error of law or judgment. It implies that the trial court ruled arbitrarily, unreasonably, or unconscionably.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Appellant first challenges the following comment made by the Prosecutor during the State's closing argument: "[T]he final element is Mr. McCoy has already been convicted of a felony DUI. Given that, the fact that there are 12 separate facts to establish that Mr. McCoy is impaired." Transcript of Proceedings, page 184.
In State v. Allen (1987), 29 Ohio St.3d 53, 54-55, the Ohio Supreme Court stated that where a prior offense elevates the degree of the crime in question, the prior offense is an element of that crime and must be proven beyond a reasonable doubt by the state. Therefore, because the prior offense is an element of the crime, the jury must find the fact of prior conviction to be established in order to convict the defendant of the present crime. State v. Gordon (1971), 28 Ohio St.2d 45, 48. SeeState v. Harris (Dec. 18, 1995), Knox App. No. 95-8, unreported.
In this case, the prior DUI conviction elevated the degree of the offense to a felony three. See R.C. 4511.99(A)(4)(a)(ii). Therefore, the prior offense was an element of the offense charged. Thus, it was not improper for the Prosecutor to identify the prior conviction as an element of the offense which the State must prove. See State v. Blonski
(1997), 125 Ohio App.3d 103, 108-109. The Prosecutor did not commit prosecutorial misconduct by identifying the prior DUI conviction as an element of the offense. Since the Prosecutor's comment was not prosecutorial misconduct, we necessarily find that the trial court did not abuse its discretion in failing to declare a mistrial.
The second comment challenged by appellant concerns a comment made by the Prosecutor during closing argument about appellant's refusal to take a breathalyzer test. The Prosecutor stated the following: "Why would you refuse a test? . . . If you score below ah, .10 on the test, then you can walk free. You're not intoxicated." Transcript of Proceedings, page 202.
We note that appellant did not object to this comment nor move for a mistrial based upon the comment. Therefore, we review this matter under the plain error standard of review.[1] Plain error is to be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. Plain error will only be invoked if, but for the error, the outcome of the trial clearly would have been different. See State v. Combs (1991), 62 Ohio St.3d 278; State v.Landrum (1990), 53 Ohio St.3d 107; State v. Moreland (1990),50 Ohio St.3d 58.
Appellant argues that this comment on the refusal to take a breathalyzer test should be equated to the invocation of the right to remain silent as a statement of guilt. Further, appellant asserts that this was an inaccurate statement of fact and law since appellant was under arrest for another charge and would not have been released regardless of the result of the breathalyzer test and because appellant could have been charged with DUI, regardless of the outcome of the test, pursuant to R.C. 4511.19(A)(2).[2]
First, we note that "[i]t is well established that the refusal of a defendant to take a reasonably reliable chemical test for intoxication is admissible in evidence at trial." State v. Murphy (Dec. 29, 1995) Brown App. No. CA 95-05-010, unreported, 1995 WL 764049 (citing South Dakota v.Neville (1983), 459 U.S. 553, 562-564; Westerville v. Cunningham (1968),15 Ohio St.2d 121, 122-123). Further, "the admission of evidence, that one accused of intoxication refused to take a chemical test for intoxication and comment on such report by counsel do not violate any constitutional privilege against self-incrimination." Westerville at 123.
Therefore, a comment about appellant's refusal to take the breathalyzer test is not improper per se. The Prosecutor was free to make a comment regarding appellant's refusal to take the breathalyzer test.
However, appellant also argues that the Prosecutor's comment was an inaccurate statement of fact and law in this case. We find that even if the prosecutor's comment that appellant would be freed and not charged with DUI if he passed the test was improper, it was not plain error. Testimony showed that appellant had glassy and bloodshot eyes, had admitted to drinking, had slurred speech, and smelled of alcohol. Appellant ran a stop sign while driving and turned in front of the officer, causing the officer to have to apply his brakes to slow down. Further, appellant failed two field sobriety tests administered to him.[3] Officer Baumgardner testified that after his arrest, appellant's behavior became erratic when appellant began screaming, yelling and cussing after being placed in a cell. Officer Baumgardner stated that, in his opinion, appellant appeared to be intoxicated. We cannot find that, but for the prosecutor's challenged comment, the outcome of the trial clearly would have been different. Therefore, we cannot find that the trial court abused its discretion in failing to sua sponte
declare a mistrial.
Appellant's first assignment of error is overruled.
 II
In the second assignment of error, appellant contends that the trial court erred when it found probable cause to arrest appellant for an OMVI (operating a motor vehicle under the influence) violation and in allowing the admission of certain field sobriety test results at trial. Appellant states that both errors are predicated on State v. Homan (2000),89 Ohio St.3d 421.
While appellant's assignment of error is phrased as a challenge to the admission of the tests at trial, what appellant is really arguing is the trial court "should have suppressed evidence of all three [field sobriety tests] in making a probable cause determination and for the purposes of trial." Appellant's Merit Brief, page 5. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See, State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein
(1991), 73 Ohio App.3d 486, State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See, State v. Williams (1993), 86 Ohio App.3d 37, overruled on other grounds. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96, State v.Claytor (1993), 85 Ohio App.3d 623, 627, and Guysinger, supra. It is based on this standard that we review appellant's assignment of error.
In the case sub judice, the issue on appeal is whether the trial court correctly decided the ultimate issue raised in appellee's motion to suppress. Therefore, we must independently determine whether the facts of this case warranted suppression of all of the field sobriety tests.
In State v. Homan, the Ohio Supreme Court held that field sobriety tests not conducted in strict compliance with established methods and procedures should be suppressed. Appellant argues that the field sobriety tests administered to appellant were not conducted in strict compliance with the procedures for administering those tests.
The trial court found that Officer Baumgardner failed to comply with the standardized procedures for the horizontal gaze nystagmus test. The trial court suppressed those test results. However, the trial court found that Officer Baumgardner complied with the standard procedures regarding the walk and turn test and the one leg stand test. We find that the record supports the trial court's ruling.
Officer Baumgardner testified that he received training at the Akron University Police Academy on how to perform field sobriety tests, including the walk and turn test and the one leg stand test. Transcript of Proceedings at page 7-9. The Officer testified that he performed the tests just as he was trained to do at the Academy. Transcript of Proceedings at page 17-18. Officer Baumgardner testified that the Academy trained him from the "NTSA manual, Standardized Field Sobriety Testing Manual from the U.S. Department of Transportation." Transcript of Proceedings at page 20.
Pursuant to the testimony presented at the suppression hearing, we find that the trial court did not error in failing to suppress the results of the walk and turn test and the one leg stand test. Officer Baumgardner testified that he conducted the tests in compliance with standardized testing procedures. Therefore, we find the trial court did not error in failing to suppress the test results or in admitting them at trial.
However, even if the trial court should have suppressed the field sobriety tests, we find that the error was not prejudicial. There was already overwhelming evidence before the jury that appellant's driving was impaired by alcohol. Testimony showed that appellant had glassy and bloodshot eyes, slurred speech, smelled of alcohol, and admitted to drinking. Appellant ran a stop sign and turned in front of Officer Baumgardner, causing the Officer to have to hit his brakes. From these observations, Officer Baumgardner concluded that appellant was intoxicated and impaired. Thus, even if there was error, it was not prejudicial error.
Appellant's second assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
By EDWARDS, J. HOFFMAN, P.J. and GWIN, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs to appellant.
[1] Criminal Rule 52 states the following, in pertinent part: "(B) Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."
[2] "(A) No person shall operate any motor vehicle . . . within this state, if. . . .:
 (1) The person is under the influence of alcohol . . .; [or]
 (2) The person has a concentration of ten-hundredths of one percent or more. . . ." R. C. 4511.19, in part.
[3] The admissibility of those field sobriety tests will be addressed in Assignment of Error II. We note that our conclusion would be the same even if those field sobriety tests were not properly admissible.