DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Richard K. Wolfe, appeals from the decision of the Cuyahoga Falls Municipal Court, which convicted him of driving under the influence. We affirm.
 {¶ 2} On May 5, 2002, Mr. Wolfe was charged with one count of driving under the influence ("D.U.I."), in violation of R.C. 4511.19(A)(1); one count of speeding, in violation of R.C. 4511.21; and one count of not driving within marked lanes, in violation of R.C. 4511.33. Mr. Wolfe pled not guilty to all three charges. On August 6, 2002, a jury found Mr. Wolfe guilty of one count of D.U.I., and the trial court found him guilty of one count of speeding and not guilty of the marked lanes charge. On August 20, 2002, the trial court sentenced Mr. Wolfe accordingly. It is from the verdict convicting him of one count of D.U.I. that Mr. Wolfe now appeals.
 {¶ 3} Mr. Wolfe timely appealed, asserting one assignment of error.
 Assignment of Error
"The Verdict Was Against The Manifest Weight And The Legal Sufficiency Of The Evidence."
 {¶ 4} Mr. Wolfe contends that the jury verdict was not supported by a legal sufficiency of the evidence and was against the manifest weight of the evidence. To support his contention, Mr. Wolfe avers that the evidence does not show that he was "under the influence" of alcohol. We disagree.
 {¶ 5} As a preliminary matter, the Court observes that sufficiency of the evidence and weight of the evidence are legally distinctive issues. State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 6} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy." Thompkins, 78 Ohio St.3d at 386.
 {¶ 7} "While the test for sufficiency requires a determination of whether the [S]tate has met its burden of production at trial, a manifest weight challenge questions whether the [S]tate has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, citingThompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 8} Sufficiency of the evidence is required to take a case to the jury; therefore, a finding that a conviction is supported by the weight of the evidence necessarily includes a finding of sufficiency.State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462. "Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." Id.
 {¶ 9} In the instant case, the jury found Mr. Wolfe guilty of a D.U.I., in violation of R.C. 4511.19(A)(1). R.C. 4511.19(A)(1) states the following: "(A) No person shall operate any vehicle * * * within this state, if any of the following apply: (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse." This Court has stated that establishing that an individual was driving under the influence of alcohol
"requires proof only that [the] defendant consumed sufficient alcohol to adversely affect his mental and/or physical abilities, so as to deprive him of the clearness of intellect and physical control he would possess but for the alcohol." State v. Vetter (Aug. 18, 1993), 9th Dist. No. 2213, citing State v. Steele (1952), 95 Ohio App. 107.
 {¶ 10} In a situation where a person arrested for a D.U.I. unambiguously refuses to take a chemical test to measure his or her blood-alcohol level, the Supreme Court of Ohio has held that evidence introduced demonstrating such a refusal may be considered by the jury; and the jury is allowed to weigh all other facts and circumstances concerning the defendant's decision to not take the test. Maumee v.Anistik (1994), 69 Ohio St.3d 339, 344. Furthermore, the Supreme Court has stated that when a defendant provides no reason for refusing to take a chemical test for intoxication, that the defendant's refusal to take the test may be probative as to whether he was intoxicated at the time that he refused to take the test. Westerville v. Cunningham (1968),15 Ohio St.2d 121, 122. The Court in Westerville explained that "it is reasonable to infer that a refusal to take such a test indicates the defendant's fear of the results of the test and his consciousness of guilt[.]" Id.
 {¶ 11} Applying the abovementioned to the facts of the instant case, we now turn to the evidence adduced at trial. The City presented the testimony of three Tallmadge Police Officers who were on duty the morning that Mr. Wolfe was arrested. Officer Michael Dornack testified on behalf of the State. Officer Dornack testified that at approximately 1:10 a.m. on May 5, 2002, he observed a vehicle with a male driver traveling on State Route 91 in the City of Tallmadge, at an estimated speed of 50 miles per hour in a 35 mile-per-hour speed zone. He testified that the car was driving left of center at this time. Officer Dornack also testified that he later saw the car drive left of the double yellow center line again, this time crossing the center line by approximately the width of a car.
 {¶ 12} Officer Dennis Bohon also testified on behalf of the State. Officer Bohon testified that, in general, the police utilize a number of factors to determine whether they believe someone is under the influence of alcohol, including field sobriety test results; the individual's driving; the individual's eyes; the individual's speech; the individual's statements to the police; the manner in which the individual speaks to the police; and any odor emanating from the individual.
 {¶ 13} As to the event in question in the instant case, Officer Bohon testified that he observed Mr. Wolfe's car drive past his patrol car, and that his radar detected a speed of "exactly 50 miles an hour[,]" in a 35 mile-per-hour speed limit zone. Additionally, Officer Bohon testified that as he followed Mr. Wolfe with his emergency lights activated, he observed that Mr. Wolfe did not slow down his vehicle, and that Mr. Wolfe once again crossed over the double yellow center line, this time about the measure of a tire width. He further testified that when he stopped Mr. Wolfe's vehicle, Mr. Wolfe exhibited strange behavior, which he described as follows: "I would consider [the behavior] not quite the norm. It appeared [Mr. Wolfe] didn't want to turn his head and look at me, which is rather unusual. Most people seek out where I am as I'm approaching the car." Additionally, Officer Bohon testified that Mr. Wolfe's face appeared flushed, that his eyes were very bloodshot and watered, and that his speech was "thick-tongued." He also testified that he detected an odor of an alcoholic beverage inside the car, and that Mr. Wolfe had admitted to him that he had drunk a few beers earlier in the evening. Officer Bohon further testified that Mr. Wolfe had difficulty getting out of the car when requested to do so; "[Mr. Wolfe] opened the door and put his legs out, and as I recall, [he] kinda crawled out. He used the door and the side of the car and pulled himself out."
 {¶ 14} Officer Bohon then testified about the field sobriety tests that he administered to Mr. Wolfe. The first test was the horizontal gaze nystagmus test, which consisted in part of checking for smooth pursuit of the eyes. Officer Bohon stated that if the eyes exhibit involuntary jerking while following the stimulus, this is indicative of an intoxicant, central nervous system depression, or some other drug in the person's system. Officer Bohon testified that "initially you could tell that there was no smooth pursuit." He also testified that he could not administer the test fully because Mr. Wolfe, even after repeatedly being instructed not to, moved his head during the test. Officer Bohon then testified concerning the next test administered, the one-legged stand test. He testified that during the administration of the one-legged stand test, Mr. Wolfe would not stand with his feet together as instructed, and that Mr. Wolfe then refused to perform the test after having the instructions explained to him. Officer Bohon further testified that Mr. Wolfe refused to take any more field sobriety tests, and that thereafter he handcuffed Mr. Wolfe and had him sit in the backseat of the patrol car. He testified that Mr. Wolfe used profane language while in the backseat of the patrol car and while being booked. Officer Bohon also testified that when asked during booking to take an intoxilyzer test, Mr. Wolfe refused to take the test. Additionally, the record does not indicate that Mr. Wolfe provided any reason for not submitting to the intoxilyzer test.
 {¶ 15} Finally, Officer Todd Meighen testified on behalf of the State. Officer Meighen testified that he had assisted Officer Bohon at the scene of the arrest of Mr. Wolfe the morning of May 5, 2002. As to Mr. Wolfe's appearance and conduct that morning, Officer Meighen testified as follows:
"I noticed a strong odor of an alcoholic beverage on [Mr. Wolfe's] person, and his eyes seemed to be pretty watery and bloodshot. His speech, when he was talking to [Officer Bohon and I], at some points I couldn't understand what he was saying, and he was pretty slurred." (sic)
 {¶ 16} Chanin Holland, the passenger in the car during the incident in question, testified on behalf of Mr. Wolfe. She testified that she had called Mr. Wolfe the night of May 4, 2002 to pick her up from a local bar, because she felt that she had consumed too many alcoholic beverages that evening. With respect to her state of consciousness that night, Ms. Holland testified that she experienced "in and outs[,]" and that she did not remember portions of that evening. Ms. Holland then testified that while the car was pulled over, she stated to one of the police officers, "I should have taken a cab, meaning, * * * I should have just went on my own and took a cab." After the direct examination of Ms. Holland, the City called Officer Bohon as a rebuttal witness. Officer Bohon testified that while the vehicle was pulled over, Ms. Holland stated to him, "I told [Mr. Wolfe] we should call a cab." (Emphasis added.)
 {¶ 17} After a careful review of the record, and upon viewing the evidence in the light most favorable to the prosecution, this Court cannot conclude that the jury lost its way and created a manifest miscarriage of justice when it found Mr. Wolfe guilty of a D.U.I. Otten,33 Ohio App.3d at 340. Although conflicting testimony was presented with respect to Ms. Holland's statement to Officer Bohon, we will not overturn the verdict because the jury chose to rely on other testimony and reasonable inferences. "[W]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony." State v.Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757. Accordingly, we find that Mr. Wolfe's conviction with respect to the D.U.I. charge was not against the manifest weight of the evidence.
 {¶ 18} Having found that Mr. Wolfe's conviction with respect to the D.U.I. charge was not against the manifest weight of the evidence, we also conclude that there was sufficient evidence to support the jury verdict in this case. Roberts.
 {¶ 19} Mr. Wolfe's assignment of error is not well taken.
 {¶ 20} Mr. Wolfe's assignment of error is overruled, and the judgment of the Cuyahoga Falls Municipal Court is affirmed.
Judgment affirmed.
BAIRD, P.J., WHITMORE, J. CONCUR.