OPINION *Page 2 
{¶ 1} Defendant-Appellant Trent Eckert appeals his conviction and sentence for operating a motor vehicle while under the influence of alcohol, in violation R.C. 4511.19(A)(1)(a).
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} On April 2, 2006, Trooper Logan Putnam of the Ohio State Highway Patrol was traveling westbound on State Route 39, approaching Salt Well Road at approximately 1:50 a.m. He witnessed a vehicle make a right hand turn onto Salt Well Road without using a turn signal. Trooper Putnam proceeded to follow the vehicle. He activated his overhead lights and attempted to initiate a traffic stop.
 {¶ 3} After the trooper activated his lights, he followed the vehicle for a short distance on Salt Well Road. The vehicle pulled into a private residence. Trooper Putnam pulled up behind the vehicle with his lights still activated. The driver of the vehicle, identified as Appellant, exited his car and started walking towards the residence. Trooper Putnam exited his vehicle and as Appellant reached the steps of the home, the trooper instructed Appellant that he needed to come back and talk to him before Appellant went into the house.
 {¶ 4} Appellant came back to his vehicle and spoke with Trooper Putnam. Trooper Putnam detected the odor of alcohol coming from Appellant. He noticed Appellant's eyes were bloodshot and glassy. He asked Appellant how much he had to drink and Appellant stated that he had a few beers and the last one was a half-hour ago. *Page 3 
 {¶ 5} Trooper Putnam asked Appellant if he would submit to field sobriety tests. Appellant refused to take the tests, stating that his attorney advised him not to. Trooper Putnam then placed Appellant under arrest for OVI. The trooper transported Appellant to the New Philadelphia Highway Patrol Post and read Appellant the BMV 2255 form, asking Appellant to submit to a breath test. Appellant refused to sign the form and refused to take the breath test. At that point, Trooper Putnam placed Appellant under arrest for administrative license suspension for his refusal.
 {¶ 6} The matter came on for bench trial before a magistrate on September 5, 2006. The magistrate found Appellant guilty of R.C.4511.39, a turning signal violation, and R.C. 4511.19(A)(1)(a), operating a motor vehicle while under the influence of alcohol. The trial court found Appellant not guilty of R.C. 4511.19(A)(2)(a)(b).
 {¶ 7} Appellant filed an objection to the magistrate's decision. After an oral hearing on the objection, the judge adopted the magistrate's decision. It is from this decision Appellant now appeals.
 {¶ 8} Appellant raises one Assignment of Error:
 {¶ 9} "I. THE MAGISTRATE'S DECISION AND THE SUBSEQUENT OVERRULING OF THE OBJECTION TO THE MAGISTRATE'S DECISION WERE CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE AND EXISTING CASE LAW."
 I. {¶ 10} Appellant argues his conviction under R.C. 4511.19(A)(1)(a) was against the manifest weight of the evidence. We disagree. *Page 4 
 {¶ 11} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172,175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 12} R.C. 4511.19 states in pertinent part: "(A)(1) No person shall operate any vehicle, * * *, if, at the time of the operation, any of the following apply: (a) The person is under the influence of alcohol, a drug of abuse, or a combination of them."
 {¶ 13} Trooper Putnam testified that at 1:51 a.m., he witnessed Appellant turn onto Salt Well Road without using his turn signal. (T. 5). Trooper Putnam activated his overhead lights and Appellant did not stop, but continued a short distance to pull into a private driveway on Salt Well Drive. (T. 6-7). The trooper followed Appellant and pulled in behind Appellant's vehicle, while his lights were still activated. Id. Appellant got out of his car and began to walk towards the residence. (T. 7). The trooper had to instruct Appellant that he needed to come and talk with him. Id. At that time, Trooper Putnam detected the odor of alcohol coming from Appellant and saw that Appellant's eyes were *Page 5 
bloodshot and glassy. (T. 8). Appellant admitted to Trooper Putnam that he had a few beers, the last one being a half-hour before the stop. Id.
 {¶ 14} Appellant refused to submit to field sobriety tests. (T. 8-9). He also refused to submit to a breath test. (T.11). The Supreme Court of Ohio has held that a defendant's refusal to submit to a breath test is admissible and probative of intoxication at the time of the refusal.Westerville v. Cunningham (1968), 15 Ohio St.2d 121.
 {¶ 15} Based on the evidence presented, we find that the trial court, in convicting Appellant, did not lose its way so as to create a manifest miscarriage of justice. Appellant's sole Assignment of Error is overruled.
 {¶ 16} The judgment of the New Philadelphia Municipal Court is affirmed.
By: Delaney, J.
Farmer, P.J. and
 Wise, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the New Philadelphia Municipal Court is affirmed. Costs assessed to appellant. *Page 1