Pfeifer, J.,
dissenting.
{¶ 31} The majority’s interpretation of R.C. 4511.19(A)(2) signals a fork in the road. R.C. 4511.19(A)(2) veers from the traditional administrative punishment for refusal to consent to a chemical test upon an arrest for DUI and goes down a separate path, beyond the regulation of licensing; for certain DUI arrestees, R.C. 4511.19(A)(2) criminalizes the refusal to take a chemical test. Since imposing a criminal penalty for refusing to consent infringes on a suspect’s rights under Section 14, Article I of the Ohio Constitution and the Fourth Amendment to the United States Constitution, I dissent.
{¶ 32} This court’s previous cases regarding sanctions for a DUI defendant’s failure to consent to chemical tests have all involved license suspensions: “This court has historically and repeatedly characterized driver’s license suspensions imposed pursuant to Ohio’s implied consent statutes as being civil in nature and remedial in purpose.” State v. Gustafson (1996), 76 Ohio St.3d 425, 440, 668 N.E.2d 435. Moreover, in Gtistafson, this court held that “the act of refusing a chemical test for alcohol, standing alone, does not constitute a criminal ‘offense’ of any kind.” Id. at 439, 668 N.E.2d 435.
{¶ 33} The majority states in ¶ 21, “It is crucial to note that the refusal to consent to testing is not, itself, a criminal offense.” Rather than crucial, that point is insignificant: R.C. 4511.19(A)(2) makes the refusal to consent to a *426 chemical test a central element of a criminal offense. Without a failure to consent, there is no crime committed under R.C. 4511.19(A)(2). The majority writes in ¶ 21, “The activity prohibited under R.C. 4511.19(A)(2) is operating a motor vehicle while under the influence of drugs or alcohol.” Wrong: operating a motor vehicle while under the influence is the activity prohibited under R.C. 4511.19(A)(1). R.C. 4511.19(A)(2) prohibits persons with a DUI conviction within the preceding 20 years from refusing to consent to a chemical test after being arrested for operating a vehicle while under the influence of drugs or alcohol. The simple fact is that for defendants like Hoover, the failure to consent results in jail time.
(¶ 34} The majority relies heavily upon this court’s decision in Westerville v. Cunningham (1968), 15 Ohio St.2d 121, 44 O.O.2d 119, 239 N.E.2d 40, wherein the court held that “[o]ne accused of intoxication has no constitutional right to refuse to take a reasonably reliable chemical test for intoxication.” Id. at paragraph two of the syllabus. But that case concerned a defendant’s assertion of his Fifth Amendment rights; the defendant in Cunningham argued that using his refusal to submit to a chemical test as evidence against him in a trial would violate his right not to incriminate himself. Hoover asserts here that R.C. 4511.19(A)(2) violates his Fourth Amendment rights, and his is not an evidentiary concern — his liberty is at stake.
{¶ 35} This court has previously answered the question whether a person can face criminal sanctions for failure to consent to a search. In Wilson v. Cincinnati (1976), 46 Ohio St.2d 138, 75 O.O.2d 190, 346 N.E.2d 666, this court held that the Fourth Amendment prohibits the imposition of criminal penalties upon a person who refuses to submit to a warrantless search. As here, the defendant in Wilson “faced * * * a serious dilemma; either [she had to] consent to a warrantless search or face the possibility of a criminal penalty.” Wilson at 143, 346 N.E.2d 666. The ordinance at issue in Wilson required a homeowner, prior to entering into a contract for the sale of her property, to tender to the prospective buyer a certificate of housing inspection. A seller’s failure to comply with the certificate requirement rendered the seller subject to a criminal penalty. Fourth Amendment rights were implicated because sellers could obtain the certificate only by allowing a city inspector to access their property. Thus, in order to sell his or her property, a seller had to consent to a warrantless search or face the possibility of a criminal penalty. This court held in Wilson:
{¶ 36} “Where a municipal ordinance requires the owner of real property to tender a certificate of housing inspection to a prospective buyer, and such certificate may be obtained only by allowing a warrantless inspection of the property, the imposition of a criminal penalty upon the owner’s failure to tender the certificate violates the owner’s rights under the Fourth Amendment to the *427 United States Constitution.” Wilson, 46 Ohio St.2d at 138, 75 O.O.2d 190, 346 N.E.2d 666, at syllabus.
{¶ 37} As this court noted in Wilson, “[generally, a search to which an individual consents meets Fourth Amendment requirements. Katz v. United States (1967), 389 U.S. 347, 358 [88 S.Ct. 507, 19 L.Ed.2d 576].” Wilson, 46 Ohio St.2d at 143, 75 O.O.2d 190, 346 N.E.2d 666. However, consent given in response to coercion does not meet Fourth Amendment requirements: “[A] valid consent involves a waiver of constitutional rights and cannot be lightly inferred; hence, it must be ‘voluntary and uncoerced, either physically or psychologically.’ United States v. Fike (C.A.5, 1972), 449 F.2d 191, 193; Phelper v. Decker (C.A.5, 1968), 401 F.2d 232; Cipres v. United States (C.A.9, 1965), 343 F.2d 95.” Wilson at 143-144, 75 O.O.2d 190, 346 N.E.2d 666.
{¶ 38} In Wilson, this court held that the coercive nature of a potential criminal penalty negated any consent to search: “In the case before us, the coercion represented by the sole alternative of possible criminal prosecution clearly negates any ‘consent’ which may be inferred from the allowance of the inspection and, therefore, the validity of such searches upon the basis of consent is not sustainable.” Wilson at 144, 75 O.O.2d 190, 346 N.E.2d 666.
{¶ 39} This case is not about whether police officers could have legally executed a chemical test on Hoover. A search can meet the requirements of the Fourth Amendment even if it is executed without a suspect’s consent. Officers could have sought a warrant to obtain a test. Further, the United States Supreme Court has held that when a defendant refuses to consent to a taking of his blood for chemical analysis, a blood sample taken over his objection and without his consent is admissible in evidence, even if no warrant had been obtained, if the officer had probable cause to arrest for DUI. Schmerber v. California (1966), 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908. Schmerber thus protects the state’s ability to gather evidence to prove its case without obtaining a defendant’s consent. The defendant can still refuse to consent, but his failure to consent lacks strategic value because the state can find another way to acquire the necessary evidence. That is different from the majority’s claim in this case that a defendant has no right to assert a refusal to consent. Schmerber exists because a defendant has the right to refuse consent.
{¶ 40} The issue here is whether the state can criminalize a person’s failure to consent to a warrantless search or, in other words, force a consent to search through the coercive power of threatened jail time. Although consent is implied by R.C. 4511.191, consent can be withdrawn. “A suspect may * * * delimit as he chooses the scope of the search to which he consents.” Florida v. Jimeno (1991), 500 U.S. 248. 252. 111 S.Ct. 1801. 114 L.Ed.2d 297.
*428 Richard Cordray, Attorney General, and Benjamin C. Mizer, Solicitor General; and Tim M. Aslaner, Marysville Law Director, for appellant and cross-appellee.
Jonathan T. Tyack, for appellee and cross-appellant.
Victor R. Perez, Chief Prosecutor for the city of Cleveland, supporting the position of the state for amicus curiae city of Cleveland.
{¶ 41} Imposing criminal sanctions for failure to consent goes far beyond the state’s power — recognized in Gustafson, 76 Ohio St.3d 425, 668 N.E.2d 435, and other cases — to regulate the licensure of drivers. As in Wilson, the statute at issue herein imposes a codified dilemma — consent to a warrantless search or face the possibility of a criminal penalty — and thus amounts to coercion. R.C. 4511.19(A)(2) therefore violates defendants’ rights under the Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution. Because R.C. 4511.19(A)(2) criminalizes a suspect’s failure to consent to a chemical test, I would find the statute unconstitutional.
Moyer, C.J., and O’Donnell, J., concur in the foregoing opinion.