[Cite as *State v. Brunk*, 2021-Ohio-4270.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2021 CA 0037 |
| JOSEPH BRUNK | |
| | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. 2020 CR 0761 |
| JUDGMENT: | Affirmed in Part; Reversed in Part; and Remanded |
| DATE OF JUDGMENT ENTRY: | December 6, 2021 |


APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| GARY BISHOP | DARIN AVERY |
| PROSECUTING ATTORNEY | 105 Sturges Avenue |
| JODIE SCHUMACHER | Mansfield, Ohio 44903 |
| ASSISTANT PROSECUTOR | |
| 38 South Park Street | |
| Mansfield, Ohio 44902 | |

*Wise, J.*

{¶1} Defendant-Appellant Joseph Brunk ("Appellant") appeals his conviction in the Richland County Court of Common Pleas for one count of Possession of a Fentanyl-Related Compound in violation of R.C. 2925.11. Appellee is the state of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶2} On November 18, 2020, Appellee indicted Appellant on one count of Possession of a Fentanyl Related Compound in violation of R.C. 2925.11, a fifth-degree felony.

{¶3} On February 5, 2021, Appellant moved to suppress the evidence as fruits of an illegal search and seizure.

{¶4} On February 24, 2021, the trial court held a hearing on Appellant's Motion to Suppress.

{¶5} During the hearing, Patrolman Travis Stantz testified he was watching 251 Sycamore Street in Mansfield, Ohio. The patrolman had made multiple drug arrests at this address in the past. At twelve thirty in the morning on October 12, 2020, Patrolman Stantz observed Appellant exit the residence and enter his vehicle. After following Appellant, the patrolman witnessed Appellant turn onto Gray Court in Mansfield, Ohio. Appellant immediately stopped the car on the street, blocking any traffic looking to use Gray Court, a narrow street.

{¶6} Patrolman Stantz then approached the vehicle and made contact with Appellant. Patrolman Stantz smelled the odor of raw marijuana. Patrolman Stantz asked

Appellant to exit the vehicle, and observed a small baggie of suspected heroin on the floor.

{¶7} On March 4, 2021, the trial court denied Appellant's Motion to Suppress.

{¶8} On March 22, 2021, Appellant entered a plea of no contest, though the trial court mistakenly noted a guilty plea on the Sentencing Entry.

{¶9} On April 30, 2021, the trial court sentenced Appellant to six months in prison.

## ASSIGNMENTS OF ERROR

{¶10} Appellant filed a timely notice of appeal. He herein raises the following two Assignments of Error:

{¶11} "I. THE TRIAL COURT ERRED IN FINDING BRUNK'S NO-CONTEST PLEA WAS A GUILTY PLEA.

{¶12} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE POLICE ILLEGALLY SEIZED DURING THE ILLEGAL TRAFFIC STOP."

## I.

{¶13} In Appellant's First Assignment of Error, Appellant argues the trial court erred when issuing the Sentencing Entry indicating Appellant pled guilty instead of no contest. The State concedes Appellant entered a no contest plea to the charge in question, and that the plea recorded as guilty was in error. We agree.

{¶14} Upon a review of the transcript, Appellant entered a plea of no contest to the charge in question. Accordingly, we sustain Appellant's First Assignment of Error. On remand, the trial court shall issue the necessary nunc pro tunc judgment entries to correct

the clerical errors in the trial court's applicable judgment entries to note Appellant pled no contest.

## II.

**{¶15}** In Appellant's Second Assignment of Error, Appellant argues the trial court erred in denying Appellant's Motion to Suppress. We disagree.

**{¶16}** The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. *See Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *State v. Andrews* (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271.

**{¶17}** Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. *State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist.1998). During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks*, 75 Ohio St.3d 148, 154, 1996-Ohio-134, 661 N.E.2d 1030. A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf*, 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist.1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State v. Williams*, 86 Ohio App.3d 37, 41, 619 N.E.2d 1141 (4th Dist.1993), *overruled on other grounds*, *State v. Gunther*, 4th Dist. Pickaway No.04CA25, 2005-Ohio-3492, ¶16.

**{¶18}** Three methods exist to challenge a trial court's ruling on a motion to suppress. First, appellant may challenge the trial court's findings of fact. *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Second, appellant may argue the trial court failed to apply the appropriate test or correct law of the findings of fact. In that case, the appellate court can reverse the trial court for committing an error of law. *Williams* at 41. Third, appellant may argue the trial court incorrectly decided the ultimate issue raised in the motion to suppress. When addressing the third type of challenge, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case (Citation omitted). *State v. Curry*, 95 Ohio App.3d 93, 96, 641 N.E.2d 1172 (8th Dist.1994).

**{¶19}** Appellant argues Patrolman Stantz had no legal basis for stopping Appellant, and that Stantz illegally conducted a search of Appellant's vehicle. We disagree.

**{¶20}** "When police observe a traffic offense being committed, the initiation of a traffic stop does not violate Fourth Amendment guarantees, even if the stop was pretextual or the offense so minor that no reasonable officer would issue a citation for it." *State v. Raleigh*, 5th Dist. Licking No. 2007-CA-31, 2007-Ohio-5515, ¶20, citing *Whren v. United States* (1996), 517 U.S. 806, 116 S.Ct. 1769, 1774-75.

**{¶21}** In the case *sub judice*, Appellant parked his car blocking traffic entering Gray Court. Mansfield Codified Ordinance 351.11 provides:

(a) No person shall stop, stand or park any vehicle upon a street, other than an alley, in such manner or under such conditions as to leave available less than ten feet of width of the roadway for the free movement

of vehicular traffic, except that a driver may stop temporarily during the actual loading or unloading of passengers or when necessary in obedience to traffic regulations or office traffic control devices or signals of a police officer.

(b)    No person shall park a vehicle within an alley in such a manner or under such conditions as to leave available less than ten feet of the width of the roadway for free movement of vehicular traffic.

**{¶22}** In the case *sub judice*, the patrolman's testimony that Appellant parked his car blocking traffic is sufficient to justify the initial stop of Appellant.

**{¶23}** "The smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to conduct a search." *State v. Moore*, 90 Ohio St.3d 47, 734 N.E.2d 804 (2000).

**{¶24}** In the case *sub judice*, the patrolman testified that as he made contact with Appellant, he smelled the odor of raw marijuana. He then asked Appellant out of the vehicle. As Appellant was exiting the vehicle, Patrolman Stantz saw a small bag of what he believed to be heroin. The substance was later identified as containing fentanyl. Therefore, the patrolman's smell of raw marijuana prior to the search of Appellant's vehicle is sufficient to establish probable cause to conduct a search.

**{¶25}** Appellant's Second Assignment of Error is overruled.

**{¶26}** For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed in part, reversed in part, and remanded to the trial court to issue the necessary nunc pro tunc judgment entries to correct the clerical error

in its applicable judgment entries of plea and sentence to note Brunk entered a plea of no contest and not a plea of guilty.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

JWW/br  1201

I